Kerry S. Culpepper (admitted *pro hac vice*)
**CULPEPPER IP, LLLC**
75-170 Hualalai Rd., STE B204
Kailua-Kona, HI 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
Email: kculpepper@culpepperip.com
Counsel for Plaintiffs (aka Movie Claimants)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Voltage Holdings, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FRONTIER COMMUNICATIONS CORPORATION, <br><br> Defendant. | Civ. Case No. 1:21-cv-05708-AT <br> Related Case: 1:21-cv-05050-AT <br> Related Case: 1:21-cv-05253-AT |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOVIE CLAIMANTS' MOTION TO WITHDRAW REFERENCE**

1

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 5

ARGUMENT .................................................................................................................................. 5

I.    ALL THE MOVIE CLAIMANTS JOINED THE MOTION TO WITHDRAW THE REFERENCE.................................................................................................................. 5

II.    CASES CITED BY FRONTIER PROVE THE MOVIE CLAIMANTS' POINT OF THE COMPLEXITY OF THE FEDERAL LAW AT ISSUE ...................................................... 6

III.    FRONTIER HAS NOT ADDRESSED THE RIGHT FOR A JURY TRIAL.................... 8

IV.    THE MOVIE CLAIMANTS' MOTION IS TIMELY AND NOT FORUM SHOPPING ..................................................................................................................... 8

V.    THE MOVIE CLAIMANTS COULD NOT TIME TRAVEL TO DETERMINE IF FRONTIER'S PLAN WOULD BE APPROVED OR READ FRONTIER'S MIND........ 9

CONCLUSION............................................................................................................................ 10

## **TABLE OF AUTHORITIES**

**Cases**     **Page(s)**

*BWP Media USA Inc. v. Polyvore, Inc.*,
 922 F.3d 42 (2d Cir. 2019) .................................................................................................. 6-7

*Gisinger v. Patriarch Partners, LLC*,
 2016 U.S. Dist. LEXIS 144478 (S.D.N.Y. Oct. 18, 2016) ....................................................... 7

*In re Adler, Coleman Clearing Corp.*,
 270 B.R. 562, 566 (S.D.N.Y. 2001) ......................................................................................... 7

*In re Motors Liquidation Co.*,
 538 B.R. 656, 662 (S.D.N.Y. 2015) ......................................................................................... 7

*In re Recoton Corp.*,
 2004 U.S. Dist. LEXIS 12452 (S.D.N.Y. July 1, 2004) ........................................................... 7

**Statutes and Rules**

17 U.S.C. § 512 ............................................................................................................................ 7
17 U.S.C. § 1203 .......................................................................................................................... 7

Voltage Holdings, LLC; Backmask, LLC; Union Patriot Capital Management, LLC; Venice PI, LLC; Bedeviled, LLC; MON, LLC; Colossal Movie Productions, LLC; WWE Studios Finance Corp; TBV Productions, LLC; Definition Delaware LLC; I Am Wrath Productions, Inc.; Hannibal Classics Inc.; Justice Everywhere Productions LLC; Badhouse Studios, LLC; After Productions, LLC; Rise Up, LLC; Status Update LLC; Morgan Creek Productions, Inc.; Shock and Awe, LLC; Fun Mom Dinner, LLC; Dead Trigger Movie, LLC; YAR Productions, Inc.; Gunfighter Productions, LLC; Ace in the Hole Productions, LP; SF Film, LLC; The Rest of Us, Inc.; Killing Link Distribution, LLC; Cell Film Holdings, LLC; Dallas Buyers Club, LLC; Screen Media Ventures, LLC; Rambo V Productions, Inc.; Millennium Funding, Inc.; Millennium IP, Inc.; LHF Productions, Inc.; UN4 Productions, Inc.; Millennium Media, Inc.; Bodyguard Productions, Inc.; Hunter Killer Productions, Inc.; Fallen Productions, Inc.; HB Productions, Inc.; Laundry Productions, Inc.; Black Butterfly Film, LLC; AMBI Distribution Corp.; Dubious Productions, Inc.; Rupture CAL, Inc.; Future World One, LLC; Groove Tails Productions, LLC; Family of the Year Productions, LLC; Outpost Productions, Inc.; Nikola Productions, Inc.; Eve Nevada, LLC; After II Movie, LLC;  and Wonder One, LLC;  (collectively, the "movie claimants") by and through their counsel, submit this reply in further support of their Motion to Withdraw the Reference (the "Motion"). American Cinema International, Inc. has filed a Notice of Withdrawal of its claim [Bankr. Doc. #1941], and therefore no longer moves to withdraw the reference.  The movie claimants incorporate by reference the Reply Memorandum of Law in Further Support of the Copyright Claimants' Motion to Withdraw the Reference [Doc. #11] filed by the music claimants in related case *UMG Recording, Inc., et al. v. Frontier Communications* Corporation, 1:21-cv-5253-AT, Doc. #11.

4

**PRELIMINARY STATEMENT**

Frontier concedes that "…it would be redundant for the litigation in this Court to proceed at the same time as Bankruptcy Court adjudication". Opposition [Doc. #11] at ¶17. However, Frontier flatly rejected the movie claimants' offer, which is still outstanding, to stipulate to be bound by the ruling on the music claimants' motion to withdraw the reference. *See* Exhibit "1" [Doc. #1-2] to the Motion. Instead, as its primary argument, Frontier latches on an obvious and promptly corrected mistake to mislead this Court into believing that some of the movie claimants have not joined the Motion. For the following reasons, the Court should grant the movie claimants' Motion.

**ARGUMENT**

**I.  ALL THE MOVIE CLAIMANTS JOINED IN THE MOTION TO WITHDRAW THE REFERENCE**

<u>All</u> the movie claimants joined in the Motion. Counsel inadvertently omitted claimants WWE Studios Finance Corp, Outpost Productions, Inc. and Nikola Productions, Inc. from the introductory paragraph of the Motion filed in the Bankruptcy Court. The Bankruptcy Court updated the docket on July 1, 2021 to include the omitted claimants in response to counsel's prompt submission of an error request via ECF. *See* Decl. of Kerry S. Culpepper at ¶¶3-4. Further, the copyright protected Work *Angel Has Fallen* was owned by Fallen Productions, Inc. *See* Claim #2756. As shown in the administrative claim of June 1, 2021, Fallen Productions, Inc. merged into the affiliated entity Millennium Funding, Inc., which is now the owner of the Work. *See* Claim #3812, Pg.3 of Attachment to the Claim (*relevant portion reshown below*):

| | | |
|---|---|---|
| Criminal | Millennium Funding, Inc. | PA0001954025 |
| Boyka: Undisputed IV | Millennium Funding, Inc. (previously UN4 Productions, Inc.) | PA2031176, PA3798816 |
| Angel Has Fallen | Millennium Funding, Inc. (previously Fallen Productions, Inc.) | PA0002197434 |
| | Millennium Funding, Inc. | |

Frontier spends a significant portion of its opposition complaining about the inefficiency that will result from these entities staying at the Bankruptcy Court while the others move to the District Court and accusing the claimants of misleading the court on the movie claimants' intentions.  See Opposition [Doc. #11] at ¶¶51-52, 58, 61.  However, if Frontier had bothered to contact counsel for the movie claimants to confirm the status of these entities, counsel would have gladly pointed out that all movie claimants joined the Motion and pointed to the updated docket.  See Decl. of Kerry S. Culpepper at ¶5.  Rather, Frontier decided to take advantage of an obvious mistake and use it as its thesis for arguing against removal of the reference.  Sadly, this is consistent with Frontier's track record of consuming unnecessary judicial resources.

## II.  CASES CITED BY FRONTIER PROVE THE MOVIE CLAIMANTS' POINT OF THE COMPLEXITY OF THE FEDERAL LAW AT ISSUE

Frontier cites the case of *BWP Media USA Inc. v. Polyvore, Inc.*, 922 F.3d 42, 55 in support of its misguided argument that issues of secondary copyright liability are not matters of first impression.  Opposition at ¶34.  However, *Polyvore* concerned liability of a website that allowed users to share photos rather than secondary liability of an internet service provider such as in the present case.  *See Id.* at 44.  Moreover, to the extent that *Polyvore* provides any guidance of the issue of secondary liability, it only buttresses the movie claimants' point that secondary liability is a highly complex issue that will require significant interpretation of non-bankruptcy issues.  The three Judge panel of *Polyvore* only agreed in the end result and issued three separate divergent opinions concerning volition and causation.  Accordingly, to the extent

6

it is applicable, *Polyvore* makes clear that the issue of secondary copyright liability for copyright infringement is a highly complex issue.

As summarized, all the other cases cited by Frontier (*see* Opposition at ¶28) are inapposite because they involved mere application of non-bankruptcy law rather than complex interpretation: *Gisinger v. Patriarch Partners, LLC,* 2016 U.S. Dist. LEXIS 144478 (S.D.N.Y. Oct. 18, 2016) ("Plaintiffs' WARN Act claims are not particularly complex and will require only simple application of the WARN Act by the Bankruptcy Court."); *In re Motors Liquidation Co.* 538 B.R. 656, 662 (S.D.N.Y. 2015) (Court denied withdrawal of the reference with respect to the RICO claim because "[r]uling on the…Pleading does not require the Bankruptcy Court to rule on the underlying merits…"); *In re Adler, Coleman Clearing Corp.*, 270 B.R. 562, 566 (S.D.N.Y. 2001) (Denying without prejudice withdrawal of the reference from a bankruptcy proceeding that had been pending for six years without addressing whether the court would be required to interpret RICO or the Securities Exchange Act); and *In re Recoton Corp.*, 2004 U.S. Dist. LEXIS 12452 (S.D.N.Y. July 1, 2004) (Denying motion for withdrawal of the reference merely for a Rule 2004 discovery motion).

Besides the complex issues of first impression concerning secondary liability of copyright infringement for an internet service provider discuss above, in connection with the the movie claimants' claims the Court will also have to grapple with novel copyright issues concerning the availability of injunctive relief provided by 17 U.S.C. §§512(j)(1) and 1203(b)(1) enjoining Frontier to terminate the accounts of certain subscribers that continue to pirate and violate the integrity in the copyright management information of the movie claimants' copyright protected motion pictures and block subscribers from accessing notorious foreign piracy websites.  The District Court is best suited for grappling with these issues of first impression.

### III.  FRONTIER HAS NOT ADDRESSED THE RIGHT FOR A JURY TRIAL

In addition to reserving their right to a jury trial in their proofs of claims, the movie claimants also reiterated their right to a jury trial in communications with Frontier. *See* Exhibit "6" [Doc. #10-6] to Frontier's Opposition at pg. 4 ("One issue of dispute we have is whether there is a right for a jury trial to resolve the claims within the bankruptcy court.")

Frontier hypothesizes that "…the Bankruptcy Court could decide first to adjudicate whether subscribers directly infringed copyrights…" Id. at ¶37. However, Frontier completely ignores the issue of their own subscribers' right for a jury trial. This issue arises out of Frontier's own incredible assertion that there were no direct infringements of the movie claimants' and music claimants Works despite the hundreds of thousands of notices of infringements.

### IV.  THE MOVIE CLAIMANTS' MOTION IS TIMELY AND NOT FORUM SHOPPING

Frontier characterizes the movie claimants as having "changed their mind". Opposition at ¶16. However, the circumstances have changed drastically since the movie claimants' counsel's May 14, 2021 conversation with Frontier. *See* Opposition at ¶10. On May 20, 2021, Frontier finally sent the movie claimants documents/data it claims supports its safe harbor defense. *See* Decl. of Kerry S. Culpepper [Bankr. Doc. #1894-4] at ¶6. On May 25, Frontier filed a revised order [Bankr. Doc. #1842] for its previously filed (on May 17, 2021) Omnibus Objection to Certain Disputed Copyright Claims [Bankr. Doc. #1818] ("Objection") that included reference to the movie claimants. On June 8, the music claimants filed the related civil action 1:21-cv-05050-AT. On June 9, the music claimants filed a motion to withdraw the reference [Bankr. Doc. #1898].

In view of these changed circumstances, on June 14 the movie claimants promptly filed a statement of joinder [Bankr. Doc. #1915] in support of the music claimants' motion to withdraw the reference. In the status conference of June 15, 2021, the movie claimants' counsel made clear

that the movie claimants supported the music claimants' motion to withdraw the reference and stated they would agree to file their claims in the District Court if the music claimants' motion was granted for judicial economy. Judge Drain instructed Frontier and the movie claimants ("Parties") to decide on a "mechanism" to put this into effect. On June 24, 2021, counsel for the movie claimants proposed that the Parties enter into a stipulation by which the movie claimants would agree to abide by the ruling on the music claimants' motion and file their claims in the District Court if the motion was granted to avoid another round of briefing on this issue. *See* Exhibit "1" [Doc. #1-2] to the Motion. Frontier flatly rejected this proposal although it merely adopted Judge Drain's suggestion. Id. Accordingly, the present Motion is timely. Further, because the Motion merely incorporates what Judge Drain suggested, Frontier's argument that "The Timing of the Motion Indicates Forum Shopping" (Opposition at ¶61) is illogical.

Frontier contends that the movie claimants "should have been aware of purported cause for withdrawal as soon as Frontier filed their chapter 11 petitions." Id. at ¶65. However, it would have been counterproductive for the movie claimants to have filed a motion to withdraw the reference while the parties explored an out of court resolution through the joint claim resolution process. Frontier did not even *respond* to the movie claimants' claims until May 14, 2021, when after repeated monthly requests for an update regarding Frontier's evaluation of the claim, Frontier's counsel finally told counsel that they "continued to believe that Frontier is entitled to defenses…that would eliminate any liability". Exhibit "8" [Doc. #10-7] to Opposition; *see* Decl. of Kerry S. Culpepper [Bankr. Doc. #1894-4] at ¶¶5-6.

**V.  THE MOVIE CLAIMANTS COULD NOT TIME TRAVEL TO DETERMINE IF FRONTIER'S PLAN WOULD BE APPROVED OR READ FRONTIER'S MIND**

Frontier argues that the movie claimants submitted to the Bankruptcy Court's core jurisdiction by filing proofs of claims since "The Plan did not require them to file those claims." Opposition at ¶¶23. However, the majority (30) of the movie claimants' proofs of claims were filed between July 15 and August 17, 2020 (*see* Exhibit "5" [Doc. #10-4] to Frontier's Opposition at pg. 4) – *prior* to the August 27, 2020 date of approval of Frontier's Chapter 11 plan of reorganization ("Plan"). Frontier faults these movie claimants for not knowing the contents of a Plan that had yet to be adopted. The movie claimants cannot time travel.

Frontier argues that the movie claimants invoked the Bankruptcy Court's core jurisdiction again by filing administrative claims despite the Plan having an explicit bar date. *See* Opposition at ¶23. Frontier now clarifies that it only "…included a bar date in its Plan so that Frontier and parties in interest could ascertain the potential scope of post-petition liabilities." Id. This is good to know now, but the movie claimants could not read Frontier's mind to know this before the bar date.

Incredibly, Frontier repeatedly asserts that the movie claimants "propose[d] a Bankruptcy Court adjudication schedule" in support of their assertion that the movie claims consented to jurisdiction. Opposition at ¶¶2, 12, 24, 52. What Frontier calls an adjudication schedule was the movie claimants proposed schedule for *mediation*. See Reply to Frontier's objection [Bankr. Doc. #1894] at pgs. 20-21.

## **CONCLUSION**

For the foregoing reasons, the Court should enter an order granting the Movie Claimants' motion to withdraw the reference and such other and further relief as it deems just and proper.

Dated: Kailua-Kona, HI July 18, 2021

*/s/ Kerry S. Culpepper*
Kerry S. Culpepper (admitted *pro hac vice*)
**CULPEPPER IP, LLLC**
75-170 Hualalai Rd., STE B204
Kailua-Kona, HI 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
Email: kculpepper@culpepperip.com
